**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHARLEATTA M. BLACK,**

               *Plaintiff,*

**v.**

               **CIVIL ACTION NO.: 3:18-CV-193
(GROH)**

**DEP'T OF VETERAN AFFAIRS AGENCY,**

               *Defendant.*

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

Pending before the Court is Plaintiff Charleatta M. Black's ("Plaintiff") pro se Complaint [ECF No. 1], Motion [ECF No. 3] for Leave to Proceed In Forma Pauperis and Motion [ECF No. 2] for Appointment of Counsel.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Having done so, the undersigned concludes that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims and recommends that Plaintiff's Complaint be dismissed, without prejudice, and Plaintiff's remaining motions be denied as moot.

### II.      THE COMPLAINT

On November 28, 2018, Plaintiff filed the instant pro se Complaint alleging race-based employment discrimination against the Department of Veterans Affairs

---

[1] These were referred to the undersigned by order dated December 4, 2018. Order of Referral, ECF No. 5.

Agency. See ECF No. 1, at 1, 3. Plaintiff seeks compensatory and punitive damages, attorneys' fees, and any other relief that this Court deems appropriate.

### III.   DISCUSSION

#### A. Legal Standard

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989). When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

#### B. Subject-Matter Jurisdiction

Liberally construed, Plaintiff's Complaint alleges that the Department of Veterans Affairs Agency engaged in race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012).[2] But before determining

---

[2] Plaintiff's Complaint specifically mentions Title VII and erroneously cites to *28* U.S.C. § 2000 et seq. Reading the Complaint liberally, Plaintiff alleges that she was working an overtime shift for another

whether Plaintiff's Complaint sets forth any viable claims, the undersigned must first determine whether this Court has subject-matter jurisdiction.

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Here, Plaintiff claims this Court has federal-question jurisdiction under § 1331. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Although Plaintiff's Title VII allegations could support jurisdiction under § 1331 because "Title VII . . . creates a federal cause of action for employment discrimination," a claimant must first exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b) before a federal court may assume jurisdiction. Davis v. N.C. Dep't of Correction, 48 F.3d 134, 136–37 (4th Cir. 1995). In other words, "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing Davis, 48 F.3d at 138–40). Because Plaintiff does not

---

employee, and she was required to change job assignments during that shift. Plaintiff alleges that she was directed to change job assignments as a pretext to fire her on account of her race right before her probationary period ended.

indicate whether she has exhausted her remedies through the EEOC,[3] this Court is deprived of subject-matter jurisdiction to hear her Title VII claims. Accordingly, Plaintiff's Title VII claims must dismissed, without prejudice. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (holding that a dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

## IV.   RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 3] for Leave to Proceed In Forma Pauperis and Motion [ECF No. 2] for Appointment of Counsel be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Charleatta M. Black may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d

---

[3] While Plaintiff does mention the EEOC in her Complaint, see ECF No. 1, at 3–4, it is not stated whether those proceedings have concluded and whether or when Plaintiff has been issued a "right-to-sue" notice. See 29 C.F.R. § 1601.28. So, the undersigned cannot determine whether Plaintiff has exhausted her administrative remedies.

841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 6th day of December, 2018.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE