IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLEATTA M. BLACK,**

    Plaintiff,

v.

**DEPARTMENT OF VETERANS AFFAIRS,**

    Defendant.

**CIVIL ACTION NO.: 3:18-CV-193 (GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is Plaintiff Charleatta M. Black's ("Plaintiff") pro se Amended Complaint [ECF No. 18], Motion [ECF No. 20] for Leave to Proceed In Forma Pauperis, and Motion for Appointment of Counsel in the Interest of Fairness and Justice [ECF No. 19].[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Amended Complaint [ECF No. 18] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B).

### II. PROCEDURAL AND FACTUAL BACKGROUND

**A. Procedural Background**

On November 28, 2018, Plaintiff filed her original complaint alleging race-based employment discrimination against the Department of Veterans Affairs Agency ("Defendant"). See ECF No. 1, at 1, 3. Plaintiff's complaint was dismissed without prejudice for lack of subject-matter jurisdiction on January 7, 2019. ECF No. 10. Plaintiff

---

[1] These were referred to the undersigned by order dated June 4, 2019. Order of Referral, ECF No. 22.

appealed, and on April 10, 2019, the Fourth Circuit dismissed the appeal for lack of subject-matter jurisdiction and remanded Plaintiff's case with instructions to allow Plaintiff to file an amended complaint. ECF No. 16. That same day, Plaintiff filed an amended complaint [ECF No. 18], a motion for appointment of counsel [ECF No. 19], and a motion for leave to proceed in forma pauperis [ECF No. 20].

On June 4, 2019, the Fourth Circuit issued its mandate,[2] and the first amended complaint [ECF No. 18], motion for appointment of counsel [ECF No. 19], and motion for leave to proceed in forma pauperis [ECF No. 20] were referred to the undersigned. Because Plaintiff's filings came before the mandate of the Fourth Circuit was issued, the undersigned gave Plaintiff fourteen days from June 6, 2019, to file an amended complaint, pursuant to the Fourth Circuit's judgment. On June 24, 2019, Plaintiff filed a second amended complaint [ECF No. 26], motion for appointment of counsel [ECF No. 27], and motion for leave to proceed in forma pauperis [ECF No. 28]. Plaintiff's motions for appointment of counsel [ECF Nos. 19 & 27] are identical except for the date. Plaintiff's motions for leave to proceed in forma pauperis [ECF Nos. 20 & 28] are likewise identical except for the date. Because Plaintiff filed her second amended complaint [ECF No. 26] pursuant to the undersigned's order, the undersigned will rely on that version of Plaintiff's complaint in the instant Report and Recommendation.[3]

---

[2] The Fourth Circuit's judgment takes effect on the date it issues the mandate.

[3] Plaintiff's first amended complaint [ECF No. 18] differs from her original complaint [ECF No. 1] only by including the assertion that Plaintiff has exhausted her administrative remedies. Additionally, Plaintiff's second amended complaint [ECF No. 26] contains everything Plaintiff alleges in her first amended complaint [ECF No. 18], so the second amended complaint is the most comprehensive version of Plaintiff's factual allegations.

**B. The Second Amended Complaint [ECF No. 26]**

Plaintiff's alleges race-based employment discrimination against Defendant in violation of Title VII. Plaintiffs alleges the following facts. Plaintiff is a black woman. ECF No. 26, at 1. On October 10, 2015, Plaintiff, a probationary employee, was working overtime premium pay for Mary Campbell because Ms. Campbell had asked Plaintiff to cover the A side horse shoe.[4] Id. at 3. Linda Gall and Rebecca Jean Yingling, two nursing assistants, were assigned to the B side long hall[5] while Plaintiff was working the A side horse shoe. Id. at 2. Per unit policy and job assignments, it was Ms. Gall and Ms. Yingling's responsibility to collect B side long hall laundry. Id. at 2–3. Mr. Fortunado, a probationary charge nurse on duty during Plaintiff's A side horse shoe shift, took it upon himself to assist the B side long hall in performing their laundry duties. Id. Sometime during Plaintiff's shift, Mr. Fortunado ordered Plaintiff to assist with B side long hall laundry. Id.

Plaintiff alleges that Mr. Fortunado's order was a deviance from unit policy on work assignments and that "[n]o employee is asked to do (B) side laundry while working (A) side." Id. at 4. Indeed, Plaintiff alleges that "no employee has ever been asked to leave their assigned hall and go do another's work." Id. at 3. Plaintiff asserts that "[a]nother employee may have been asked to help out but never ordered." Id. at 1. Plaintiff emphasizes that "no other employee [has been] asked to do so especially a white employee." Id. Plaintiff further avers that Mandy McAlexander, a CNA and a white female employee, was not asked to do the job assignment of others. Id. at 4.

---

[4] Plaintiff provides no information regarding what "A side horse shoe" is or who Ms. Campbell is.
[5] Plaintiff provides no information regarding what "B side long hall" is. While A side horse shoe and B side long hall seem to refer to shift assignments, Plaintiff provides no information regarding the nature of these assignments or what the job duties included.

On October 10, 2015, Plaintiff was a probationary employee and she was due to become a permanent employee in a few weeks. Id. at 3. Notably, Plaintiff does not say how she responded to Mr. Fortunado's order to assist with B side laundry on October 10, 2015. Plaintiff alleges that Mr. Fortunado's order was racially discriminatory and given as a pretext to get her fired on the eve of her probation being over.[6] Id.

Without much context, at the end of the second amended complaint, Plaintiff alleges that she was accused of being disruptive at a unit staff meeting. Id. at 5. Plaintiff asserts that she was not being disruptive and that this accusation was used as an additional factor for her wrongful termination. Id.

Plaintiff seeks the statutory maximum damages available, punitive damages, attorney's fees, and any other relief deemed appropriate by the Court. Id. at 5. Plaintiff also requests that the Court appoint counsel or allow a person other than an attorney to assist Plaintiff in the development of her case. Id. at 2.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

---

[6] Plaintiff provides no information regarding when she was terminated, nor does she provide any information regarding the duration or nature of her employment prior to termination.

4

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV. DISCUSSION

After review, the undersigned concludes that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted because Plaintiff fails to "allege facts sufficient to state all the elements of her claim." Bass, 324 F.3d at 765. Title VII of the Civil Rights Act makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). When evaluating a plaintiff's racial discrimination claims, absent direct evidence of discrimination, courts apply the burden shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Dooley v. Mylan Pharm., Inc., No. 1:13cv1, 2014 WL 1761924, at *4 (N. D. W. Va. Apr. 30, 2014). The McDonnell Douglas framework imposes on a plaintiff the initial burden of establishing a prima facie case of employment discrimination. Id. Once that prima facie case has been established, the burden shifts to the employer to articulate a nondiscriminatory reason for its action. Id. If the employer establishes such a reason, the burden shifts back to the plaintiff to show that the reason articulated by the employer was merely a pretext or coverup for unlawful discrimination. Lewis v. Potter, No. 1:05cv34, 2007 WL 419374 (N. D. W. Va. Feb. 2, 2007). At the initial step of the burden-shifting framework, Plaintiff must plead the following elements: 1) that she is a member of a protected class; 2) that she performed her job satisfactorily; 3) that she suffered an adverse employment action; and 4) that her employer treated employees outside of her

protected class differently. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Plaintiff does not allege any facts that directly support a claim for racial discrimination, so the undersigned must consider whether Plaintiff has pled facts sufficient to establish each of the four elements of the prima facie case as set out in the McDonnell Douglas framework. As to the first element, Plaintiff clearly asserts that she is a member of a protected class (i.e. African American). As to the third element, Plaintiff clearly asserts that she was terminated (i.e. suffered an adverse employment action) right before she became a permanent employee. As to the fourth element, Plaintiff asserts that she was ordered to perform duties that no other employee, including those outside of her protected class, were ordered to perform. So, Plaintiff seems to have alleged facts sufficient to establish elements one, three, and four of the prima facie case.

However, with respect to the second element, Plaintiff pleads no facts from which a reasonable inference can be made that Plaintiff was performing her job satisfactorily at the time of her termination.[7] "[A] plaintiff must show only that [s]he was qualified for the job and that [s]he was meeting h[er] employer's legitimate expectations." Haynes v. Waste Connections, Inc., 922 F.3d 219, 225 (4th Cir. 2019). Further, a plaintiff must plead that she was performing satisfactorily at the time of her termination. Philogene v. Data Networks, Inc., No. PWG-17-1318, 2018 WL 1014929, at *5 (D. Md. Feb. 21, 2018).

Plaintiff alleges that the A side horse shoe and B side long hall duties are memorialized in official work assignments and that deviations from those work assignments are only authorized through official memoranda. Plaintiff alleges that it was

---

[7] The undersigned notes that Plaintiff does not state when she was terminated.

8

not part of her duties on A side horse shoe to assist with B side long hall laundry. Plaintiff further alleges that there was no official memoranda changing A side horse shoe's duties to include assisting B side long hall laundry. From these allegations, a reasonable inference may be made that it was not part of Plaintiff's job duties on October 10, 2015, to assist with B side long hall laundry, and any failure to assist[8] with B side long hall laundry was not a failure to meet her employer's legitimate expectations.

Taking this conclusion as true, however, does not support any inference that Plaintiff was otherwise performing her job duties satisfactorily. Plaintiff's complaint is completely silent as to what her A side horse duties were and whether she performed those duties to her employer's legitimate expectations. Nothing can be discerned regarding the quality of Plaintiff's job performance leading up to her termination from the second amended complaint. See Goode v. Cent. Va. Legal Aid Soc'y, No. 3:14cv281-HEH, 2014 WL 3945870, at *4 (Aug. 12, 2014) (finding that the plaintiff failed to plead facts to support an inference of satisfactory job performance when the complaint provided no information about the quality of the plaintiff's job performance leading up to the plaintiff's termination). There is no information regarding Plaintiff's position, what her work assignments generally were, and whether her supervisors found her job performance satisfactory. Indeed, Plaintiff's allegations suggest that Plaintiff's supervisors did not find Plaintiff's job performance satisfactory because her termination resulted, in part, from accusations that she was disruptive at a unit staff meeting. Accordingly, Plaintiff has failed

---

[8] Again, while Plaintiff does not say she refused to assist with B side long hall laundry, the natural inference from Plaintiff's complaint is that she in fact refused to do so.

9

to plead facts sufficient to state all the elements of the prima facie case under the McDonnell Douglas framework.[9]

## V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Amended Complaint [ECF No. 18] and Second Amended Complaint [ECF No. 26] be **DISMISSED WITHOUT PREJUDICE**. I further **RECOMMEND** Plaintiff's Motions [ECF Nos. 20 & 28] for Leave to Proceed In Forma Pauperis and Plaintiff's Motions [ECF Nos. 19 & 27] for Appointment of Counsel be **DENIED AS MOOT**.

Plaintiff, Charleatta M. Black, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

---

[9] The undersigned notes that naked assertions that Plaintiff satisfactorily performed her job duties to her employer's expectations will also fail to allege facts sufficient to establish that Plaintiff performed her job duties in a satisfactory manner. See Morrison v. Res. Mgmt. Concepts, Inc., 3:16CV651, 2017 WL 1095067, at *2 (M.D.N.C. Mar. 21, 2017).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 8th day of July, 2019.

*Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE