# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHARLEATTA M. BLACK,**

    Plaintiff,

v.                                                      **CIVIL ACTION NO.: 3:18-CV-193
(GROH)**

**DEPARTMENT OF VETERANS AFFAIRS,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble on July 8, 2019. ECF No. 29. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Amended Complaint [ECF No. 18] and Second Amended Complaint [ECF No. 26] be dismissed without prejudice and the Plaintiff's Motions for Leave to Proceed In Forma Pauperis [ECF Nos. 20, 28] and Motions for Appointment of Counsel [ECF Nos. 19, 27] be denied as moot.

### I. Procedural Background

On November 28, 2018, Charleatta M. Black ("Plaintiff") filed a complaint alleging that her employment with the Department of Veterans Affairs Agency was terminated because of her race. ECF No. 1. The same day, the Plaintiff filed a motion for appointment of counsel and a sealed motion for leave to proceed in forma pauperis. ECF Nos. 2, 3. The Court entered an Order referring the matter to Magistrate Judge Trumble for issuance of a R&R. ECF No. 5. Magistrate Judge Trumble issued his R&R recommending the Court dismiss the Plaintiff's complaint for failure to provide proof she

exhausted her administrative remedies. ECF No. 7. The Plaintiff did not file objections to Magistrate Judge Trumble's R&R. The Court reviewed Magistrate Judge Trumble's R&R, and finding no clear error, issued an Order adopting the R&R and dismissing the Plaintiff's complaint without prejudice. ECF No. 10. The Plaintiff appealed the Court's judgment.

On April 10, 2019, the Fourth Circuit Court of Appeals dismissed the Plaintiff's appeal for lack of jurisdiction and remanded the matter to the Court with instructions to allow the Plaintiff to file an amended complaint. ECF No. 16. The same day, the Plaintiff filed an amended complaint [ECF No. 18], a motion for appointment of counsel [ECF No. 19] and a sealed motion for leave to proceed in forma pauperis [ECF No. 20]. On June 4, 2019, the Fourth Circuit's mandate was entered [ECF No. 21] and the Court referred [ECF No. 22] the matter to Magistrate Judge Trumble for issuance of a R&R. Because it was unclear if the Plaintiff filed her amended complaint pursuant to the Fourth Circuit's judgment, Magistrate Judge Trumble issued an order giving the Plaintiff leave to file an amended complaint within fourteen days. ECF No. 23. On June 24, 2019, the Plaintiff filed a second amended complaint [ECF No. 26], motion for appointment of counsel [ECF No. 27] and sealed motion for leave to proceed in forma pauperis [ECF No. 28]. Thereafter, Magistrate Judge Trumble issued a R&R recommending the Court dismiss the Plaintiff's complaint without prejudice. ECF No. 29.

## II. Standards of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a de novo or any other standard, the

factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of de novo review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail, return receipt requested, on July 8, 2019. ECF No. 29. The Plaintiff filed her objections on July 24, 2019. ECF No. 30. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects de novo. The remainder of the R&R will be reviewed for clear error.

### III. Discussion

Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed because she has not plead facts sufficient to state all the elements of a Title VII claim. ECF No. 29 at 7-10. Specifically, Magistrate Judge Trumble found the Plaintiff failed to allege any facts that directly support a claim for racial discrimination and failed to allege any facts that create the reasonable inference that she performed her job satisfactorily.

The Plaintiff's first objection is to the legal standard section of the R&R. The Plaintiff argues "[i]t is clear that the magistrate's position is based on money." ECF No. 30 at 1. In this case, the Plaintiff is seeking leave to proceed in forma pauperis. The Court referred the matter to Magistrate Judge Trumble for a preliminary review of the Plaintiff's complaint to determine if the case should be permitted to proceed without prepayment of fees. See 28 U.S.C. § 1915(e)(2)(B) (the Court shall dismiss a case where a plaintiff is seeking leave to proceed in forma pauperis if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) or seeks monetary relief against a defendant who is immune from such relief"). Accordingly, the Plaintiff's objection to the legal standard is without merit and is hereby **OVERRULED**.

The Plaintiff's second objection is to Magistrate Judge Trumble's finding she did not allege sufficient facts to state a claim for relief. The Plaintiff argues she has satisfied the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The Plaintiff states she is a black female, a white female was treated differently and she was terminated due to the discrimination. The Plaintiff further states her "job performance is not at issue." ECF No. 30 at 1.

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage, the plaintiff

4

is not required to allege facts to establish a prima facie case under the burden-shifting framework stated in McDonnell Douglas. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002); McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015). The question at this stage is whether the plaintiff "has offered sufficient factual allegations to support a plausible claim" under Title VII. Id. "Title VII prohibits an employer from 'discharg[ing] any individual, or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.'" Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting 42 U.S.C. § 2000e-2(a)).

Accepting the allegations in the complaint as true, the Court finds the Plaintiff has failed to sufficiently plead a plausible claim under Title VII. On October 10, 2015, the Plaintiff, a probationary employee, was working overtime premium pay for Mary Campbell. She was assigned to cover the A side horse shoe. Linda Gall and Rebecca Jean Yingling were assigned to the B side long hall, which included the job duty of collecting laundry. Nicholas Fortunado, a probationary charge nurse on duty, decided to assist Ms. Gall and Ms. Yingling in collecting laundry. At some point during the Plaintiff's shift, Mr. Fortunado ordered her to assist the B side long hall with laundry.[1] The Plaintiff was not provided with a memo stating management had changed the job duties for A side horse shoe, and Ms. Campbell did not inform the Plaintiff the job duties had changed. The Plaintiff alleges the order for her to assist with laundry was a pretext to discrimination

---

[1] The Plaintiff does not state how she responded to Mr. Fortunado's order. Based on the factual allegations it appears the Plaintiff refused the order because it was not "a reasonable, legal order backed up[] by a unit policy change in job assignments." ECF No. 26 at 5.

to get her fired on the eve of her probationary period coming to an end. She further alleges that "no other employee" has been ordered to do another's job, "especially not a white employee." ECF No. 26 at 1. The Plaintiff alleges she was also wrongly accused of being disruptive at a unit staff meeting, which was an additional factor in her termination. The Plaintiff alleges she was discriminated against "due to being on probation" and "due to her skin color." Id.

Mr. Fortunado, like the Plaintiff, is a probationary employee and other than his title as a "charge nurse," the Plaintiff does not state if Mr. Fortunado has any authority to order her to perform certain job duties. She also does not state how she responded to his order. A reasonable inference can be drawn, based on the Plaintiff's allegations, that the failure to comply with Mr. Fortunado's order was a factor in her termination. According to the Plaintiffs own allegations, the accusation that she was disruptive at a unit staff meeting was also a factor in her termination.

The Plaintiff does not allege sufficient facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The only fact set forth to support her discrimination claim is that "no other employee has been ordered do another's job," "especially not a white employee." ECF No. 26 at 1. However, this does not assist the Court in finding that the Defendant may have ordered her to assist with laundry or ultimately terminated her based on her race. The Plaintiff's allegations are speculative at best. Therefore, while the Plaintiff is not required to allege facts to establish a prima facie case under the McDonnell Douglas framework, she has still failed to sufficiently plead a plausible claim under Title VII. Accordingly, the Plaintiff's objection is hereby **OVERRULED**.

## IV. Conclusion

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 29] is **ADOPTED** because the Plaintiff has failed to state a claim. Accordingly, the Plaintiff's Amended Complaint [ECF No. 18] and Second Amended Complaint [ECF No. 26] are **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's Motions for Leave to Proceed In Forma Pauperis [ECF Nos. 20, 28] and Motions for Appointment of Counsel [ECF Nos. 19, 27] are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is further **DIRECTED** to mail a copy of this this Order to the pro se Plaintiff by certified mail, return receipt requested.

**DATED**: January 21, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE